1  Jeffrey L. Fillerup, State Bar No. 120543
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
4  E-mail: jfillerup@luce.com

5  Attorneys for Defendants
   Travelers Companies, Inc.,
6  St. Paul Mercury Insurance Company,
   St. Paul Fire and Marine Insurance
7  Company, and St. Paul Travelers

8

9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13 | CAPITAL BUSINESS SERVICE, INC. AND    Case No. C 07-4355-JCS
   | STEWART J. BURCH,
14 |
   |     Plaintiffs,                       **MEMORANDUM IN SUPPORT OF**
15 |                                       **MOTION TO DISMISS PURSUANT TO**
   | v.                                    **FEDERAL RULE 12(b)(6), OR IN THE**
16 |                                       **ALTERNATIVE, MOTION TO COMPEL**
   | TRAVELERS COMPANIES, INC., ST.        **ARBITRATION UNDER CIVIL CODE**
17 | PAUL MERCURY INSURANCE                **SECTION 2860**
   | COMPANY, ST. PAUL FIRE AND MARINE
18 | INSURANCE COMPANY, and ST. PAUL       Date:    October 5, 2007
   | TRAVELERS,                            Time:    9:30 a.m.
19 |                                       Courtroom: A (15th Floor)
   |     Defendants.
20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I. SUMMARY OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION .................................................................................. 1

II. THE ALLEGATIONS IN THE COMPLAINT ............................................................. 2

    A. The Parties in the Underlying Complaint ............................................................ 2

    B. The Causes of Action Alleged in the Underlying Complaint ............................. 3

    C. St. Paul's Defense of the Underlying Case Under a Reservation of Rights ........ 4

    D. The Plaintiffs' Claim for Additional Defense Costs ............................................ 6

III. LEGAL ARGUMENT ..................................................................................................... 6

    A. St. Paul Agreed to Pay Cumis Counsel Under Section 2860 .............................. 6

    B. The Complaint Should be Dismissed Because St. Paul Complied with the Defense Agreement ............................................................................................. 7

    C. If There is a Genuine Dispute Over the Amount of Defense Costs, then Such Dispute Is Subject to Binding Arbitration ................................................... 9

IV. CONCLUSION .............................................................................................................. 10

Defendants Travelers Companies, Inc., St. Paul Mercury Insurance Company, St. Paul Fire and Marine Insurance Company and St. Paul Travelers (collectively "Defendants") submit their Memorandum in Support of Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration, as follows:

I. **SUMMARY OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION**

After the Plaintiffs were sued in Napa County Superior Court, they tendered the defense of the suit to their liability insurer, St. Paul. St. Paul agreed to defend the suit under a reservation of rights and, in accordance with California Civil Code Section 2860, St. Paul agreed that Plaintiffs could employ Cumis counsel to defend the suit. Because there were uncovered claims alleged in the Underlying Suit and because Cumis counsel was also defending other defendants who were not covered under the St. Paul policy, the Plaintiffs and St. Paul entered into a defense agreement. The defense agreement provided that St. Paul would pay 25% of all of the defense costs incurred in defending the Underlying Suit, even if the defense costs were incurred in defending non-covered claims and even if they were incurred in defending non-covered defendants. As part of the defense agreement, St. Paul gave up the right to recover back from the Plaintiffs the defense costs incurred in defending non-covered claims and the right to recover back the defense costs incurred in defending non-covered defendants. The defense agreement also provided that Cumic counsel would bill St. Paul at the rate of $140 per hour.

The Plaintiffs filed this suit alleging that St. Paul should have paid all of the defense costs incurred in defending the Underlying Suit, including the defense costs associated with defending non-covered claims and the costs incurred in defending non-covered defendants. However, the Complaint (and the exhibits to the Complaint) concede that this defense agreement was made, they concede that St. Paul gave valuable consideration in entering into the defense agreement, and they concede that St. Paul complied with the defense agreement by paying 25% of all defense costs incurred. Because of the admissions in the Complaint, there is no genuine dispute over whether further defense costs are due to the Plaintiffs, and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

In the alternative, if there is a genuine dispute over St. Paul's obligation to pay further defense costs, then the Defendants seek an order compelling arbitration because any disputes regarding the amounts due to Cumis counsel are subject to binding arbitration under California Civil Code Section 2860. The Court should order the case to binding arbitration under Section 2860(c).

## II.  THE ALLEGATIONS IN THE COMPLAINT

The Complaint in this case was filed on August 2, 2007. The Plaintiffs allege that one or more of the Defendants issued a liability insurance policy to the Plaintiffs with a policy period from May 23, 2001 through May 23, 2002. (Complaint, par. 7) The insurance policy is attached to the Complaint as Exhibit A, and it is incorporated into the Complaint be reference ("the St. Paul Policy"). (Complaint, par. 7, Ex. A)

According to the Complaint, on June 6, 2001, Andrew Nielsen and Gudveig Nielsen (the "Underlying Plaintiffs") filed a complaint against various defendants (the "Underlying Defendants") in Napa County Superior Court, alleging causes of action for breach of fiduciary duty, breach of confidence, constructive fraud, fraud, elder abuse, conversion, rescission, violation of Corporations Code Section 25401, negligence, intentional infliction of emotional distress, and civil conspiracy (the "Underlying Complaint"). (Complaint, pars. 9, 10, and Ex. B)  The Underlying Complaint is attached to the Complaint as Exhibit B, and it is incorporated into the Complaint by reference.   The suit that was initiated by the Underlying Complaint is referred to as the "Underlying Case".

### A.    The Parties in the Underlying Complaint

The Underlying Plaintiffs were husband and wife, and "elders" as that term is defined in the California Elder Abuse Act. (Underlying Complaint, pars. 1, 34)  The defendants in the Underlying Case (the "Underlying Defendants") included Stewart Burch ("Burch") and Capital Business Service, Inc. ("Capital"), who are the Plaintiffs in this case. Burch and Capital allege that they are insureds under the St. Paul Policy. (Complaint, par. 8) There were other defendants in the Underlying Case who were not insureds under the St. Paul Policy, including Underlying Defendants Tracy Visher ("Visher") and Bourdeaux Limousine Service ("Bourdeaux").

(Underlying Complaint, pars. 3, 4) Thus, some of the Underlying Defendants were insureds under the St. Paul Policy and some of the Underlying Defendants were not insureds under the St. Paul Policy. (Complaint, Ex. C at pages 18/20, 19/20)

**B.    The Causes of Action Alleged in the Underlying Complaint**

The Underlying Complaint alleges that Burch acted as an investment adviser to the Underlying Plaintiffs during the December, 1999 through May, 2000 time period. (Underlying Complaint, pars. 8-22) In May, 2000, Burch convinced the Underlying Plaintiffs to join Visher in investing in a limousine business in the Napa Valley. (Underlying Complaint, par. 15) The Underlying Plaintiffs were asked to loan the business $450,000, in exchange for 25,000 shares of corporate stock, and the Underlying Plaintiffs were told that all of the corporation's stock would be owned by Burch, the Underlying Plaintiffs, and Visher. (Underlying Complaint, par. 15) The Underlying Plaintiffs agreed to make the investment and borrowed $450,000 against their residence in order to make the loan. (Underlying Complaint, par. 18) The limousine business was incorporated under the name Bordeaux Limousine Service ("Bordeaux"), which is one of the Underlying Defendants.

The Underlying Plaintiffs alleged that the Underlying Defendants had made various fraudulent misrepresentations to the them, including  (a) that the Underlying Plaintiffs would be given 25,000 shares of Bordeaux stock;  (b) the Underlying Plaintiffs would have complete access to the books and records of Bordeaux;  (c) the Underlying Plaintiffs would have an active role in the Bordeaux business;  (d) Burch and Mr. Neilsen would be drivers in the business;  (e) other investors would provide cash for the business. (Underlying Complaint, par. 19(a)) The Underlying Plaintiffs alleged that these representations were false, the Underlying Defendants knew they false at the time they were made, and the Underlying Plaintiffs reasonably relied on the misrepresentations to their detriment. (Underlying Complaint, par. 21) After the Underlying Plaintiffs had made the $450,000 investment, the Underlying Defendants refused to perform their promises and excluded the Underlying Plaintiffs from any involvement or interest in Bordeaux's business. (Underlying Complaint, par. 22) The Underlying Complaint seeks various remedies, including more than $500,000 in damages (Underlying Complaint, Prayer for Relief, par. A), a

3      Case No. C 07-4355 JCS
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6)

constructive trust and/or resulting trust (Underlying Complaint, Prayer for Relief, par. F), an accounting (Underlying Complaint, Prayer for Relief, pars. H, I, J), and rescission of the $450,000 investment (Underlying Complaint, Prayer for Relief, par. K).

### C. St. Paul's Defense of the Underlying Case Under a Reservation of Rights

The Underlying Defendants tendered the Underlying Complaint to St. Paul, and St. Paul agreed to defend the Underlying Complaint under a reservation of rights and subject to California Civil Code Section 2860. (Complaint, par. 11, Ex. C) St. Paul's reservation of rights letter is attached to the Complaint as Exhibit C, and it is incorporated into the Complaint by reference. (Complaint, par. 11, Ex. C)

The St. Paul Policy is an "Enrolled Agents Professional Liability" policy. (Complaint, Ex. A (bates no. 001012)). The named insured is "Capital Business Service, Inc." (Complaint, Ex. A (bates no. 001010)). The St. Paul policy provides coverage for certain professional services performed by an enrolled agent, including tax advice, tax proceeding representation, compiling and preparing financial statements, and maintaining and preparing financial records. (Complaint, Ex. A (bates no. 001021-22)). The St. Paul Policy defines "protected persons" under the policy to be corporations who are named as an insured, and "[y]our directors and executive officers are protected persons only for the conduct of your professional services." (Complaint, Ex. A (bates no. 001025)).

In light of the terms of the St. Paul Policy, St. Paul's reservation of rights letter stated that it was only obligated to defend "protected persons", who were potentially Capital and Burch, and not Visher or Bordeaux. (Complaint, Ex. C at page 13/20) St. Paul was not obligated to defend Underlying Defendants Visher and Bordeaux because they were not potentially "protected persons" under the St. Paul Policy. (Complaint, Ex. A, and Ex. C at page 13/20, 18/20, 19/20)

St. Paul reserved its right to deny coverage on the ground that the "gist of the Complaint involves a business venture in which the plaintiffs invested money as partners", which would not be covered under the St. Paul Policy. (Complaint, Ex. C at page 13/20) St. Paul said that most of the claims in the Underlying Complaint did not allege "wrongful acts as an enrolled agent", but rather the Underlying Complaint alleged claims arising out of the failed investment in Bordeaux,

and that those claims were not covered by the St. Paul Policy. (Complaint, Ex. C at page 18/20) St. Paul stated that the claims against Burch would only be covered to the extent that "his actions were professional services done on behalf of Capital Business Service, Inc." (Complaint, Ex. C at page 18/20) St. Paul also said that any claims based on intentional conduct, such as the fraud claims alleged in the Underlying Complaint, would not be covered under the St. Paul Policy. (Complaint, Ex. C at page 18/20), and that any claims for relief that did not seek damages would not be covered under the St. Paul Policy, such as claims for restitution and disgorgement of profits. (Complaint, Ex. C at page 18/20)

St. Paul agreed to allow Capital and Burch to use their own attorneys in defend the Underlying Complaint, pursuant to California Civil Code Section 2860. (Complaint, Ex. C at page 18/20) Even though St. Paul did not have an obligation to pay the defense costs incurred in defending the other Underlying Defendants, Visher and Bordeaux, St. Paul agreed to pay a portion of their defense costs pursuant to a defense agreement. (Complaint, Ex. C at page 18/20)

The defense agreement, between St. Paul and the Plaintiffs, provided that the Plaintiffs' Cumis counsel would defend all of the Underlying Defendants based on the following terms:

--St. Paul would pay 25% of all defense costs incurred in the defense of the Underlying Case by all of the Underlying Defendants, whether they were covered under the St. Paul policy or not;

--the 25% allocation would apply to all defense costs paid, even if the defense costs were incurred only for the benefit or defense of non-insured Underlying Defendants, such as Visher or Bordeaux;

--the Underlying Defendants could use Cumis counsel that they selected to defend the Underlying Case, subject only to Cumis counsel's ability to satisfy the qualifications criteria set forth in Section 2860;

--the Underlying Defendants would not be burdened with having to allocate defense costs among covered and non-covered defendants, or covered and non-covered claims;

--the agreed hourly rate to be paid by St. Paul to Cumis counsel would be $140 per hour; and

--St. Paul would give up its right to seek to recover back defense costs incurred in defending covered and non-covered defendants and covered and non-covered claims in the Underlying Case. (Complaint, Ex. C at page 18/20)

### D. The Plaintiffs' Claim for Additional Defense Costs

The Plaintiffs' Complaint in this case admits that St. Paul paid 25% of the defense costs incurred in the Underlying Case at the $140 per hour rate, but Plaintiffs claim that they are owed an additional $122,000 in defense costs. (Complaint, pars. 11, 12). The Complaint alleges that St. Paul has refused "to defend the Plaintiffs and pay for Plaintiffs' defense costs in accordance with the terms of the policy and applicable law." In other words, the Plaintiffs are now claiming that they should not be subject to the defense agreement reached early on in the Underlying Case, and they should now be allowed to renege on that defense agreement, notwithstanding St. Paul's consent to give up its right to recover back uncovered defense costs and its right to recover back all of the defense costs from the insureds.

### III. LEGAL ARGUMENT

#### A. St. Paul Agreed to Pay Cumis Counsel Under Section 2860

In 1987, the California Legislature enacted Civil Code Section 2860 which had the primary effect of codifying the decision in *San Diego Federal Credit Union v. Cumis Insurance Society, Inc.*, 162 Cal.App.3d 358 (1984). *See Handy v. First Interstate Bank*, 13 Cal.App.4th 917, 923 (1993). The *Cumis* case involved the where a liability insurer agrees to defend its insured under a reservation of rights, including the right to deny coverage and the right to deny the payment of any settlement or judgment because uncovered claims are alleged in the complaint. In situations where there is no reservation of rights, the insurer may hire defense counsel of its choosing, control the defense, and directly pay its chosen defense counsel. However, if the insurer defends under a reservation of rights, then there is the potential for a conflict of interest on the part of defense counsel hired by the insurer. In *Cumis*, the court held that in the absence of consent by the insured, whether there are differing interests between the insurance company and the insured brought about by a reservation of rights based upon possible noncoverage, the insurer should pay the reasonable defense costs of independent counsel selected by the insured.

After the *Cumis* decision was issued, and continuing after the Legislature's enactment of Section 2860, counsel retained by the insured to defend a suit against the insured and paid for by the insurer has been known as "Cumis counsel". Under Section 2860, if a liability insurance policy contains a duty to defend and "a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured, … unless the insured expressly waives, in writing, the right to independent counsel." Cal. Civil Code Section 2860(a). The insured's claim to Cumis counsel is not automatic, that is, the right to independent counsel does not arise in every instance of a reservation of rights by the insurer. The claim to Cumis counsel exists only in those situations "when an insurer reserves its rights on a given issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the claim…." Cal. Civil Code Section 2860(b).

In this case, the Complaint concedes that St. Paul had agreed to pay for Cumis counsel to defend the Underlying Case under Section 2860. (Complaint, Ex. C at 18/20) St. Paul's reservation of rights letter stated: "In view of the reservation of rights, you have the right to be represented by counsel of you[r] choice, subject to the requirements of California Civil Code section 2860." (Complaint, Ex. C at 18/20)

**B.    The Complaint Should be Dismissed Because St. Paul Complied with the Defense Agreement**

Section 2860 provides that the insurer and insured can agree on some manner for the payment of defense costs, other than the manner set forth in Section 2860. Cal. Civil Code Section 2860(c). If Section 2860 applies and there is an agreement regarding the payment of attorneys fees, then the defense agreement will control over the method of payment set forth in Section 2860. *Truck Ins. Exchange v. Superior Court*, 51 Cal.App.4th 985, 995 (1996). In this case, the Complaint alleges an agreement between the insureds and St. Paul regarding the payment of defense costs. That agreement is set forth in Exhibit C to the Complaint, as follows:

--St. Paul would pay 25% of all defense costs incurred in the defense of all of the Underlying Defendants in the Underlying Case;

1       --the 25% allocation would apply to all defense costs paid, even if the defense costs were incurred only for the benefit or defense of non-insured Underlying Defendants, such as Visher or Bordeaux;

      --the Underlying Defendants could use Cumis counsel that they selected to defend the Underlying Case, subject only to Cumis counsel's ability to satisfy the qualifications criteria set forth in Section 2860;

      --the Underlying Defendants would not be burdened with having to allocate defense costs among covered and non-covered defendants, or covered and non-covered claims;

      --the agreed hourly rate would be $140 per hour; and

      --St. Paul would give up its right to seek to recover back defense costs incurred in defending covered and non-covered defendants and covered and non-covered claims in the Underlying Case. (Complaint, Ex. C at page 18/20)

St. Paul's reservation of rights makes clear that it gave valuable consideration for the defense agreement. (Complaint, Ex. C at page 18/20)  St. Paul could have reserved the right to contest whether there was a duty to defend. St. Paul could have reserved the right to recover back from the Plaintiffs all defense costs incurred in defending the non-insured Underlying Defendants, Visher and Bordeaux.  St. Paul could have reserved the right to recover back from the Plaintiffs all defense costs that it paid in defending noncovered claims.   It is clear that St. Paul had the right to assert all of the foregoing reservations or rights.  *Buss v. Superior Court,* 16 Cal.4th 35 (1997); *Blue Ridge Ins. Co. v. Jacobsen,*  25 Cal.4th 489 (2001). The Complaint admits that St. Paul waived those rights as part of the defense agreement. (Complaint, Ex. C at page 18/20) Now, after St. Paul gave up those rights, the Plaintiffs want to seek additional defense costs, over and above what was provided in the defense agreement.  It would be contrary to the admissions in the Complaint to allow Plaintiffs to renege on the defense agreement.  It would also be unfair to St. Paul to force it to pay all defense costs, including defense costs for the uncovered claims and defendants, after relying on the defense agreement.   for the past five years.

The Complaint does not dispute that St. Paul had performed according to the defense agreement. The Complaint admits that the Plaintiffs only claim is that St. Paul did not pay more

than the 25% and $140 per hour provided for in the defense agreement. (Complaint, pars. 11, 12) The allegations in the Complaint, as well as the exhibits attached to the Complaint, may be considered in ruling on a motion to dismiss pursuant to FRCP 12(b)(6). *E.g., Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998); *Reynolds v. Allstate Life Ins. Co.*, 2005 U.S.Dist.Lexis 36356 (E.D. Cal. 2005).

The Complaint should be dismissed under FRCP 12(b)(6) because the insurer and insured agree to depart from the manner of payment of defense costs set forth in Section 2860, the Complaint alleges such a departure, and the Complaint alleges that St. Paul has performed according to the manner in which the parties' had agreed to the payment of defense costs. In light of the admissions in the Complaint (and the exhibits attached to the Complaint), the Complaint fails to state a claim for relief against the Defendants and all of the claims in the Complaint should be dismissed. *See, e.g., Citi Apartments Inc. v. Markel Insurance Company*, 2007 U.S.Dist.Lexis 44469 (N.D. Cal. 2007)("[a]bsent a breach of contract, there can be no breach of the implied covenant of good faith and fair dealing.")

    **C.    <u>If There is a Genuine Dispute Over the Amount of Defense Costs, then Such Dispute Is Subject to Binding Arbitration</u>**

If there is a genuine dispute concerning the amount of defense costs paid, then according the Section 2860, that "dispute" is subject to binding arbitration and this suit should be dismissed or stayed pending binding arbitration of the amount of additional defense costs payable to the Plaintiffs, if any.

Section 2860(c) provides, as follows: "Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute." The courts have repeatedly held that subdivision (c) of Section 2860 "provides a simple remedy for resolving disputes concerning the fees to be paid to that individual or firm: arbitration." *Handy v. First Interstate Bank*, 13 Cal.App.4th 917, 925 (1993); Truck *Ins. Exchange v. Superior Court*, 51 Cal.App.4th 985, 998 (1996). The arbitration provision in Section 2860(c) is mandatory and the result of the arbitration required by Section 2860(c) is binding.

1    For example, in *Fidelity and Deposit Company of Maryland v. First Commercial Bank*, 1992 U.S.Dist.Lexis 12418 (N.D. Cal. 1992), the insurer agreed to defend the underlying suit against First Commercial Bank (the "Bank") under a reservation of right and subject to Section 2860, but the insurer failed to make any contributions to the Bank's defense. The insurer filed a declaratory relief action seeking an order that there was no obligation to defend the underlying suit, and the Bank file a motion to compel arbitration. The court granted the motion to compel arbitration because the insurer had already agreed to defend the underlying suit and the only issue was the amount of defense costs that were due to the Bank.

In this case, if there is a genuine dispute over the amount of defense costs paid, then that issue is subject to binding arbitration before a single arbitrator, and this case should be dismissed or stayed pending the outcome of that arbitration.

## IV.    CONCLUSION

In light of the foregoing, the Defendants' motion to dismiss should be granted because the Complaint (and the exhibits to the Complaint) allege a defense agreement between St. Paul and the Plaintiffs, and the Complaint admits St. Paul's compliance with the terms of the defense agreement. In the alternative, and if there is a genuine dispute concerning the amount of defense costs payable to the Plaintiffs, then that issue is subject to binding arbitration under Civil Code Section 2860(c) and this case should be dismissed or stayed pending a binding arbitration.

DATED: August 30, 2007            LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeffrey L. Fillerup
Attorneys for Defendants
Travelers Companies, Inc.,
St. Paul Mercury Insurance Company,
St. Paul Fire and Marine Insurance
Company, and St. Paul Travelers

301015246.1