Steven C. Finley CSB# 074391
HENNEFER, FINLEY & WOOD, LLP
425 California Street, 19th Floor
San Francisco, CA 94104
Telephone: (415) 296-0111
Facsimile: (415) 296-7111
Email: finley@finleydeaton.com

Attorneys for Plaintiffs Capital Business Service, Inc.
and Stewart J. Burch

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAPITAL BUSINESS SERVICE, INC. and STEWART J. BURCH,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRAVELERS COMPANIES INC., formerly ST. PAUL MERCURY INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and ST. PAUL TRAVELERS, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: C 07 - 4355 JCS<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR TO COMPEL ARBITRATION**<br><br>Date: October 5, 2007<br>Time: 9:30 a.m.<br>Courtroom A<br>15th Floor |

**I. INTRODUCTION**

Plaintiffs have filed suit against the defendant insurer for breach of contract and bad faith alleging that defendant's arbitrary pre-allocation of defense costs was a breach of the insurer's duty to defend plaintiffs in the underlying case in accordance with the terms of the Professional Liability Insurance Policy, and applicable law. Plaintiffs also allege that the defendant's policy of arbitrarily pre-allocating defense costs for "mixed claims" was a bad-faith refusal to defend.

C 07 - 4355 JCS                                        -1-
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR
TO COMPEL ARBITRATION

After removing the case to this court on the basis of diversity jurisdiction, the defendant insurer has moved to dismiss based upon the allegations of the Complaint and the attached exhibits, asserting that plaintiffs agreed to the pre-allocation. In the alternative, defendant seeks to compel arbitration of the case under California Civil Code §2860 by asserting that the case concerns only the amount of attorney's fees payable to defense counsel in the underlying case.

Both the motion to dismiss and the motion to compel arbitration should be denied. The pleadings do not reveal an actual agreement on the part of the plaintiffs to the defendant insurer's arbitrary pre-allocation, only a statement in the defendant's reservation of rights letter that "we have agreed with you", and no confirmation or allegation of confirmation by the plaintiff insureds. The Complaint does however allege that for the duration of litigation (February 18, 2002 until October 2006) "Defendants continued to refuse and fail to pay for Plaintiffs' defense of the Complaint" (Complaint, ¶ 11). From the allegations of the Complaint and the exhibits attached, there will clearly be a factual issue as to whether the plaintiff insureds actually agreed to this arbitrary pre-allocation, and even so, whether such an alleged agreement bars this action.[1] Second, binding arbitration of fee disputes under Civil Code §2860(c) applies solely where the dispute concerns only billing rates of defense counsel. Where plaintiffs' allegations, as here, also concern matters other than billing rates (25% pre-allocation fees and costs, and bad-faith), compulsory arbitration under Civil Code §2860 is inappropriate and improperly denies plaintiffs' the right to jury trial.

/ / / /

/ / / /

---

[1] The alleged "agreement" does not purport to preclude the plaintiff insureds from seeking recovery of their defense costs or bringing an action for bad faith.

C 07 - 4355 JCS                                    -2-
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR
TO COMPEL ARBITRATION

## II. A MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6) TESTS THE SUFFICIENCY OF THE PLEADINGS AND DOES NOT RESOLVE FACTUAL ISSUES

The defendant insurer moves to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim. A motion under Rule 12(b)(6) allows the defendant to test whether, as a matter of law, plaintiff is entitled to legal relief even if everything alleged in the complaint is true, and dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim entitling plaintiff to relief. *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*.403 F.2d 1050, 1055 (9th Cir. 2005). The motion does not decide the merits of the complaint, nor resolve factual issues. *Walker v. Nat'l Recovery, Inc.*200 F.3d 500 (7th Cir. 1999), *Moore v. Bd. Of Educ. Of Chi.* 300 F. Supp.2d 641 (ND, Ill. 2004). The crux of defendant's argument is not that plaintiffs' first or second causes of action fail to state a claim under state law, but rather that they are barred because in defendant's reservation of rights letter, attached to and incorporated in the Complaint as Exhibit C, the defendant insurer has stated:

> "We have agreed with you to pay 25% of your reasonable defense costs for the total action…"
> (Complaint, Exhibit C, letter dated February 18, 2002, last page, second paragraph).

There is however no allegation in the Complaint, nor any evidence attached to or incorporated in the Complaint *that plaintiffs ever actually agreed to this 25% pre-allocation arbitrarily imposed by defendant.* To the contrary, the Complaint alleges in Paragraph 11:

> "From February 18, 2002 [the dated of the Reservation of Rights letter] until October 2006, when the litigation arising out of the Complaint was finally resolved, defendants continued to refuse and fail to pay for plaintiffs' defense of the Complaint, other than on the basis stated above…"

C 07 - 4355 JCS                              -3-
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR
TO COMPEL ARBITRATION

Further, even if there was such an agreement (which the pleadings do not admit), the defendant's reservation of rights letter does not in any way address or foreclose plaintiffs' right to recover from the defendant insurer their additional defense costs and fees in excess of 25% of $140 per hour, amounting to approximately $122,000 (Complaint ¶¶ 11-13).

At most, defendants' motion to dismiss raises a factual issue as to whether there actually was an agreement on the terms set forth in its reservation of rights letter, and if so, whether this agreement precluded plaintiffs from seeking to recover additional defense costs, as claimed in this action. These matters raise factual issues inappropriate for determination on a motion to dismiss.

### III.  UNDER CALIFORNIA LAW AN INSURER IS NOT ENTITLED TO PRE-ALLOCATE DEFENSE COSTS WHEN DEFENDING "MIXED CLAIMS"

As the defendant insurer states in its reservation of rights letter (Complaint, Exhibit C), the Complaint filed and served on plaintiffs in *Nielsen v. Burch, et al.* (Napa County Superior Court Action No. 26-13768) contained allegations which raised the "potential for coverage, and therefore a duty to defend," and "a defense will be afforded subject to a reservation of St. Paul's rights as set forth herein." (Complaint, Exhibit C - letter dated February 18, 2002 first page, third paragraph)

"St. Paul will provide Stewart J. Burch and Capital Business Service, Inc. with a defense to the suit, subject to a complete reservation of rights in view of the potential for coverage for some of the claims asserted." (Complaint, Exhibit C – fourth page, last paragraph).

California Law, which applies in this diversity action, is clear to the effect that:

> "An insurer contracts to pay the entire cost of defending claim[s] that are at least potentially covered."
> *Buss v. Superior Court*, 16 Cal 4th 35, 47 (1999), emphasis added.

1   Thus, in an action wherein all the claims are at least potentially covered, the insurer has a duty to defend. This duty "rests on the fact that the insurer has been paid premiums by the insured for a defense." *Ibid.* As to the claims that are not even potentially covered, however, the insurer may indeed seek reimbursement for defense costs. Such an action is referred to as a "mixed action" in which the insurer has an obligation to defend *immediately* and *entirely*: "It cannot parse the claims, dividing those that are at least potentially covered from those that are not. To do so would be time consuming. It might also be futile." *Buss, supra.* 16 Cal 4th at 48-49. In such a "mixed action" the insurer carries the burden of proof by a preponderance of the evidence when it seeks to obtain reimbursement for defense costs from the insured. *Buss, supra* 16 Cal 4th at 53-54.

In order to avoid its duty to defend the entire action in a "mixed action" and subsequently carry its burden of proof for reimbursement, defendant sought by its reservation of rights letter, to impose upon its insured an arbitrary pre-allocation. Now, in this motion to dismiss, it argues, without any support in the pleadings, that its insured (the plaintiffs) accepted this pre-allocation and gave up their right to seek payment of the substantial attorney's fees and costs required to defend the action, and to sue defendant for bad faith. In fact, plaintiffs were given no choice in the matter by their insurer and now after incurring substantial defense fees and costs, which the insurer should have paid, have the right to seek recovery.

### IV. BINDING ARBITRATION PURSUANT TO CALIFORNIA CIVIL CODE §2860(c) APPLIES WHERE ONLY THE AMOUNT OF LEGAL FEES OR THE HOURLY BILLING RATE IS AT ISSUE

The Complaint in this action raises essentially three issues:

HENNEFER, FINLEY & WOOD, LLP
*ATTORNEYS AT LAW*

1. Was defendants' decision to pre-allocate the amount of attorney's fees and costs in a "mixed" claim a breach of its duty to defend under the insurance policy;

2. Did defendant have a policy or practice of arbitrarily pre-allocating defense fees and costs in "mixed" claims and if so, was this a breach of the covenant of good faith and fair dealing (i.e. bad faith); and

3. Was the billing rate of $140 per hour (of which defendant paid 25%) a rate actually paid by defendant to attorneys in the ordinary course of business to defend similar actions in the community where the claim was being defended?

Only the third issue – as to the rate of attorney's fees used by defendant is subject to mandatory arbitration under Civil Code §2860(c):

> "…the language of Civil Code §2860 can only be interpreted to limit the scope of arbitrable issues to those in which *only the amount of legal fees or the hourly billing rates are at issue.*"
> *Fireman's Fund Insurance Cos. v. Younesi*, 48 Cal. App. 4th 451, 459 (1996), emphasis added.

In *Younesi, supra*, the Court denied a motion to compel arbitration in an action where attorney billings were an essential issue, but the complaint also included a cause of action for fraud to which plaintiff was entitled to a trial by jury as of right, noting that any "doubt should be resolved in favor of trial by jury". (*Younesi, supra* 48 Cal. App. 4th at 459). None of the cases cited or discussed by defendant involved an action for bad faith filed against the insurer.

In *Handy v. First Interstate Bank*, 13 Cal. App. 4th 917 (1993), the Court found that the mandatory arbitration provision of Civil Code §2860(c) was not applicable to a determination of whether there was a duty to defend. Here plaintiffs allege that defendants' unilateral determination to pay 25% of $140 per hour for attorney's fees and 25% of out-of-pocket costs

amounts to a failure and refusal to defend plaintiffs in the underlying action (Complaint, ¶¶ 11 & 17).

The decision in *Fidelity & Deposit Co. of Maryland v. First Commercial Bank*, 1992 U.S. Dist. Lexis 13418 (N.D. Cal.)[2] arose out of a declaratory relief action filed by the insurer, which had recognized its duty to defend. There was no claim of bad faith made by the insured, and the action was stayed pending binding arbitration of the amount of attorney's fees owed by the insurer. The decision is inapplicable here where plaintiffs' Complaint alleges that the defendant arbitrarily pre-allocated payment of defense costs in violation of its duty to defend, and had a policy of doing so, which plaintiffs allege supports a claim of bad faith.

## V. CONCLUSION

For the reasons stated above, plaintiffs respectfully request that defendants' motion to dismiss and motion to compel arbitration be denied.

Dated: September 14, 2007            Respectfully Submitted,

                                     HENNEFER, FINLEY & WOOD

                                     By   s/ SCF
                                     Steven C. Finley, Attorneys for Plaintiffs Capital Business Service, Inc. and Stewart J. Burch

---

[2] A pre-2007 unpublished decision cited by defendant in violation of Ninth Circuit Rule 36-3(c).