Jeffrey L. Fillerup, State Bar No. 120543
Diana L. Donabedian, State Bar No. 191384
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: jfillerup@luce.com
        ddonabedian@luce.com

Attorneys for Defendants
Travelers Companies, Inc.,
St. Paul Mercury Insurance Company,
St. Paul Fire and Marine Insurance
Company, and St. Paul Travelers

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL BUSINESS SERVICE, INC. AND STEWART J. BURCH,<br><br>    Plaintiffs,<br><br>v.<br><br>TRAVELERS COMPANIES, INC., ST. PAUL MERCURY INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and ST. PAUL TRAVELERS,<br><br>    Defendants. | Case No. C 07-4355-JCS<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(6), OR IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION UNDER CIVIL CODE SECTION 2860**<br><br>Date: November 30, 2007<br>Time: 9:30 a.m.<br>Courtroom: A (15th Floor) |

Defendants Travelers Companies, Inc., St. Paul Mercury Insurance Company, St. Paul Fire and Marine Insurance Company and St. Paul Travelers (collectively "St. Paul" or "Defendants") submit their Reply Memorandum in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, Motion to Compel Arbitration Under Civil Code Section 2860, as follows:

I. **INTRODUCTION**

On August 2, 2007, the Plaintiff filed the Complaint for Damages ("Complaint") against Defendants. Attached to the Complaint is a copy of the February 18, 2002 reservation of rights letter. Under the reservations of rights letter, St. Paul confirmed its agreement with Plaintiffs Stewart Burch and Capital Business Service, Inc. ("Plaintiff") to defend the complaint filed by Andrew Nielsen and Gudveig Nielsen, up to 25% of reasonable defense, for all defendants (covered and uncovered) and all claims (covered and uncovered). The reservations of rights clarified that St. Paul was not obligated to defend certain defendants because they were not potentially "protected persons" under the St. Paul Policy and stated that most of the claims in the underlying suit were not covered by the St. Paul Policy. Nonetheless, St. Paul agreed with Plaintiffs to pay 25% of all defense costs incurred in the defense of the underlying suit by all of the defendants, whether they were covered under the St. Paul Policy or not.

The February 18, 2002, reservation of rights letter provides in relevant part:

> "Under existing California law, St. Paul can reserve its right to recover from the insured defendants all defense costs incurred on non-covered claims after the conclusion of his litigation. In lieu of this, we have agreed with you to pay 25% of your reasonable defense costs for the total action. This means we will pay at the agreed upon rate for your defense costs to the entire action, and are hereby waiving our rights to seek a future apportionment of defense costs between covered and non-covered claims." Complaint, Ex. C at page 18/20 (emphasis added).

Further, pursuant to the February 18, 2002 reservation of rights letter, and in accordance with California Civil Code Section 2860, St. Paul agreed that Plaintiffs could employ Cumis counsel (who was also defending other defendants not covered under the St. Paul policy) to defend the suit. As part of the agreement, St. Paul gave up the right to recover back from the Plaintiffs the defense costs incurred in defending non-covered claims and the right to recover back the defense

1

costs incurred in defending non-covered defendants.

In the Plaintiff's Opposition to Motion to Dismiss or to Compel Arbitration ("Opposition"), Plaintiffs now contend that there is no defense agreement between Plaintiffs and St. Paul despite its own admissions in the Complaint and attachments to the Complaint. Due to Plaintiffs' admissions there is no real dispute over whether further defense costs are due to the Plaintiffs, and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

In addition, the Opposition is incorrect and off point on the issue of the "mixed action" rule. The Plaintiffs are confusing the concept of "mixed action" with the issue of whether St. Paul has an obligation to defend non-insureds by arguing that an insurer is not entitled to pre-allocate defense costs if one lawyer is defending insured and non-insured defendants. St. Paul does not have a duty under the St. Paul Policy to defend the non-insureds. Also, the Complaint concedes that there was an agreement regarding the defense of covered and uncovered claims and defendants. Accordingly, if there is an issue over St. Paul's obligation to pay further defense costs, then the Defendants seek an order compelling arbitration because any disputes regarding the amounts due to Cumis counsel are subject to binding arbitration under California Civil Code Section 2860.

## II. ARGUMENT

### A. PLAINTIFFS ARE BOUND BY THE ADMISSIONS AND ALLEGATIONS CONTAINED IN THEIR COMPLAINT

When considering a motion to dismiss, courts are typically limited to the allegations in the complaint, without extrinsic evidence. *See e.g., Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989). However, where another document is attached to the complaint and incorporated therein by reference, as it was here, the court may treat that document as part of the complaint and consider it when ruling on a motion to dismiss. *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *see also Cal-Agrex, Inc., v. Van Tassell, et al.*, 2007 U.S. Dist. LEXIS 68684, n.4 (N.D. Cal. 2007).

1  Moreover, the admission of fact in a pleading is a "judicial admission" which is a *waiver of proof* of a fact with the effect of removing the matter from the issues to be determined by the court. See *Valerio v. Andrew Youngquist Construction*, 103 Cal.App.4th 1264, 1271 (2002) (*citing* 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 413, pp. 510-511.) "An admission in a pleading is *conclusive* on the pleader." *Id.* at p. 1272. It naturally follows the pleader cannot take a position contrary to its judicial admission.

The Plaintiffs admitted the existence of the defense agreement between Plaintiffs and St. Paul. Attached as Exhibit C, and incorporated by reference in ¶ 11 of the Complaint, is a copy of the reservations of rights letter from St. Paul to Plaintiffs. In the reservations of rights letter, St. Paul confirmed the agreement with Plaintiffs to pay 25% of the reasonable defense costs for the total action. The reservations of right letter states that in lieu of St. Paul reserving its right to recover from the insured defendants all defense costs incurred on non-covered claims after the conclusion of litigation, "we have agreed with you to pay 25% of your reasonable defense costs for the total action. This means we will pay at the agreed upon rate for your defense costs to the entire action, and are hereby waiving our rights to seek a future apportionment of defense costs between covered and non-covered claims." Complaint, Ex. C at page 18/20 (emphasis added). This admission of a fact in the Complaint is a "judicial admission." The Plaintiffs cannot now change this judicial admission for its own advantage in order to attempt to create an issue of material fact. It would be contrary to the admissions in the Complaint to allow Plaintiffs to renege on the defense agreement.

Because an admission in the Complaint forbids the consideration of contrary evidence, any discussion of such evidence in Plaintiffs' Opposition is irrelevant and immaterial. The Court therefore may consider the language in Exhibit C as an admission by Plaintiffs as to the existence of the defense agreement.

/ / /

/ / /

/ / /

/ / /

3

### B. PLAINTIFFS CONCEDE THAT DEFENDANTS HAVE COMPLIED WITH THE TERMS OF THE AGREEMENT

There is no dispute that the Defendants have complied with the terms of the defense agreement. The Complaint admits that the Plaintiffs only claim is that St. Paul did not pay more than the 25% and $140 per hour provided for in the defense agreement. Complaint, ¶¶ 11-12. The defense agreement between St. Paul and Plaintiffs provided that the Plaintiffs' Cumis counsel would defend all of the defendants in the underlying suit and would pay 25% of all defense costs incurred in such defense at an agreed hourly rate of Cumis counsel at $140 per hour. The Plaintiffs' Complaint in this case admits that St. Paul paid 25% of the defense costs incurred in the underlying suit at the $140 per hour rate. Complaint, ¶¶ 11-12. Moreover, St. Paul agreed that the defendants in the underlying suit could use Cumis counsel with an agreed hourly rate of $140 per hour. In exchange, St. Paul would give up its right to seek to recover back defense costs incurred in defending covered and non-covered defendants and covered and non-covered claims in the underlying suit. (Complaint, Ex. C at page 18/20).

Since the Plaintiffs have admitted that St. Paul had performed according to the defense agreement, the Complaint should be dismissed under Fed. Rule Civil Proc. 12(b)(6) for failing to state a claim for relief against the Defendants.

### C. PLAINTIFFS HAVE CONFUSED THE ISSUE OF "MIXED ACTION" WITH THE ISSUE OF WHETHER ST. PAUL HAS AN OBLIGATION TO DEFEND NON-INSUREDS

Plaintiffs are correct in stating that in an action where some claims are potentially covered and some not covered, the insurer has a duty to defend but the insurer may seek reimbursement for defense costs of non-covered claims. This concept is typically referred to as the "mixed action" rule. However, Plaintiffs confuse the concept of "mixed action" with the issue of whether the insurer has a duty to defend non-insureds in attempting to argue that St. Paul is not entitled to pre-allocate defense costs. Plaintiffs arguments on this point are misguided.

In the underlying suit, one claim was potentially covered under the St. Paul Policy and the rest were not. For example, there are claims asserted against Plaintiffs in the underlying suit which do not involve wrongful acts as an enrolled agent. In addition, the defendants include some

4

insureds under the St. Paul Policy (Stewart J. Burch and Capital Business Service, Inc.) as well as non-insureds (Tracy Visher and Bourdeaux Limousine Service). Accordingly, some of the underlying defendants are not covered under the St. Paul Policy and St. Paul does not have a duty to defend such non-insureds. Under such circumstances, an insurer is not obligated to defend any claims against non-insured defendants.

### D. IF THERE IS AN ISSUE CONCERNING THE AMOUNT OF DEFENSE COSTS PAID BY ST. PAUL, SUCH DISPUTE IS SUBJECT TO BINDING ARBITRATION UNDER SECTION 2860(c)

To the extent there is an issue concerning the amount of defense costs paid by St. Paul, such dispute is subject to binding arbitration under Cal. Civ. Code § 2860(c). California Civil Code § 2860(c) provides, as follows: "<u>Any</u> dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute." Cal. Civ. Code § 2860(c) (emphasis added). Thus, under Cal. Civ. Code § 2860, if there is an issue concerning the amount of defense costs paid by St. Paul, then that dispute is subject to binding arbitration and this suit should be dismissed or stayed pending binding arbitration of the amount of additional defense costs payable to the Plaintiffs, if any.

Although the Plaintiffs state that the Complaint raises three issues[1], the only issue raised by the Complaint is the amount of defense costs paid by St. Paul. The cases cited by Plaintiffs are distinguishable on the facts. In *Fireman's Fund Insurance Cos. v. Younesi*, the Court of Appeal permitted an insurer to proceed against independent counsel on theories of fraud, malpractice and conversion in connection with counsel's representation of the insured and its billings submitted thereafter. The court specifically held that the insurer was entitled to a jury trial on the issue of counsel's billing practices, concluding that "the language of Civil Code section 2860 can only be

---

[1] The Opposition states the three issues as: "(1) Was defendants' decision to pre-allocate the amount of attorney's fees and costs in a 'mixed' claim a breach of its duty to defend under the insurance policy; (2) Did defendant have a policy or practice of arbitrarily pre-allocating defense fees and costs in 'mixed' claims and if so, was this a breach of the covenant of good faith and fair dealing (i.e. bad faith); and (3) Was the billing rate of $140 per hour (of which defendant paid 25%) a rate actually paid by defendant to attorneys in the ordinary course of business to defend similar actions in the community where the claim was being defended?" Opposition, p. 6.

1  interpreted to limit the scope of arbitrable disputes to those in which only the amount of legal fees
2  or hourly billing rates are at issue." *See Fireman's Fund Insurance Cos. v. Younesi*, 48
3  Cal.App.4th 451, 459 (1996). Furthermore, in *Handy v. First Interstate Bank*, the Court of Appeal
4  held that an arbitrator who is called upon to decide the reasonableness of insurance defense costs
5  cannot also decide insurance coverage issues. *See Handy v. First Interstate Bank*, 13 Cal.App.4th
6  917 (1993). In this case, the Complaint does not allege insurance coverage issues or issues
7  concerning billing practices. The only dispute raised by the Complaint is the amount of legal fees
8  paid by St. Paul. Whether or not there is a defense agreement, the dispute concerning the
9  attorney's fees would be subject to binding arbitration under Cal. Civ. Code § 2860(c).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that, pursuant to Rule 12(b)(6), the Complaint be dismissed without leave to amend. In the alternative, and if there is a real issue concerning the amount of defense costs payable to the Plaintiffs, then that issue is subject to binding arbitration under Civil Code Section 2860(c) and this case should be dismissed or stayed pending a binding arbitration.

DATED: September 21, 2007         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/ Diana L. Donabedian
    Diana L. Donabedian
    Attorneys for Defendants
    Travelers Companies, Inc.,
    St. Paul Mercury Insurance Company,
    St. Paul Fire and Marine Insurance
    Company, and St. Paul Travelers

301016858.2