UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL BUSINESS SERVICE, INC., ET AL.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>TRAVELERS COMPANIES, INC., ET AL.,<br><br>                    Defendants.<br>_____/ | No. C-07-04355 JCS<br><br>**ORDER DENYING MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(6), OR IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION UNDER CIVIL CODE SECTION 2860** [Docket No. 6] |

## I.   INTRODUCTION

On August 2, 2007, Capital Business Service, Inc. and Stewart J. Burch filed this action in the Superior Court for the State of California, County of San Francisco, against Defendants Travelers Companies, Inc., St. Paul Mercury Insurance Company, St. Paul Marine Insurance Company, and St. Paul Travelers, asserting claims for breach of contract and breach of implied covenant of good faith and fair dealing. On August 23, 2007, Defendants removed the case to the United States District Court for the Northern District of California. All parties have consented to the jurisdiction of a United States magistrate judge, pursuant to 28 U.S.C. § 636(c). Defendants bring a Motion to Dismiss Pursuant to Federal Rule 12(b)(6), or in the Alternative, Motion to Compel Arbitration Under Civil Code Section 2860 ("the Motion"). The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED. The hearing scheduled for **November 30, 2007 at 9:30 a.m.** is **VACATED**.

## II.     BACKGROUND

### A.     The Complaint[1]

Plaintiff Capital Business Service, Inc. ("Capital Business") is a California corporation conducting business in Napa County, California, as an enrolled agent and tax preparer. Compl. ¶ 1. Plaintiff Stewart Burch is an officer and employee of Plaintiff Capital Business, and is a licensed enrolled agent and tax preparer. Compl. ¶ 2. Defendant Travelers Companies, Inc. ("Travelers") is a property and casualty insurer, and owns St. Paul Fire and Marine Insurance Company and/or St. Paul Mercury Insurance Company ("St. Paul"). Compl. ¶ 3. In May 1991, Plaintiff Capital Business purchased Enrolled Agents Professional Liability Insurance (the "Insurance Policy" or "the Policy") through Wraith & Associates, Inc., and authorized agent of Defendants. Compl. ¶ 6. In May 2001, St. Paul renewed Plaintiff's Insurance Policy for the period May 23, 2001, to May 23, 2002. Compl. ¶ 7, Ex. A. In their Complaint, Plaintiffs allege that Defendants agreed, pursuant to the Insurance Policy, to defend Plaintiffs against claims made during the policy period and indemnify them for covered losses resulting from the performance of professional services and caused by a wrongful act committed before the end of the policy period. Compl. ¶ 8.

In June 2001, Plaintiffs were sued in Napa County Superior Court by Andrew Nielsen and Gudveig Nielsen ("the Nielsens"). The Nielsens asserted nine causes of action against Plaintiffs and two other non-insured defendants – Tracy Visher and Bordeaux Limousine. Compl., Ex. B ("the Underlying Complaint" or the "Underlying Case"). According to Plaintiffs, the Nielsens' claim of professional negligence and damages was directly covered, while other claims were potentially covered by the Policy. Compl. ¶ 10. In July 2001, Plaintiffs tendered the defense of the Underlying Complaint to St. Paul. Compl. ¶ 11. On February 18, 2002, Defendants issued a reservation of rights letter which states in relevant part:

> There is a potential for coverage under the St. Paul policy to the claims asserted against Stewart. J. Burch and Capital Business Service, Inc. as allegations against these defendants have been made that potentially involve wrongful acts as an enrolled agent. However, the claims asserted against you may not be covered if they do not

---

[1] For the purposes of this Motion, the Court accepts Plaintiff's allegations of fact as true. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2

> involve wrongful acts as an enrolled agent. Most of the allegations please (sic) in the Complaint fall in this category. Further, certain claims are specifically excluded from the coverage. [. . . ]
> St. Paul will provide Stewart J. Burch and Capital Business Service, Inc., with a defense to the suit, subject to a complete reservation of rights, in view of the potential for coverage for some of the claims asserted. As we discussed, we will agree to your continued representation by the Gaw, Van Male, Smith, Myers & Miroglio law firm. In view of the reservation of rights, you have the right to be represented by counsel of your choice, subject to the requirements of California Civil Code Section 2860 [. . .]. We have approved a rate up to $140 per hour for partner for your selected counsel.
>
> Under existing California law, St. Paul can reserve its rights to recover from the insured defendants all defense costs incurred on non-covered claims after the conclusion of this litigation. In lieu of this, we agreed with you to pay 25% of your reasonable defense costs for the total action. This means we will pay at the agreed upon rate for your defense cost to the entire action, and are hereby waiving our rights to seek a future apportionment of defense costs between covered and non-covered claims.

Compl., Ex. C (Reservation of Rights Letter ("RRL")), at 18-19. Plaintiffs allege that from February 18, 2002, until October 2006, when the litigation in the Underlying Case was resolved, Defendants failed to pay for Plaintiffs' defense, other than on the basis stated in the RRL, and refused to renew Plaintiffs' professional liability insurance. Compl. ¶ 11:3-6.

On the basis of these factual allegations, Plaintiffs assert claims of breach of contract and breach of implied covenant of good faith and fair dealing. Specifically, Plaintiffs claim that Defendants have breached their contract with Plaintiffs by failing and refusing to defend Plaintiffs and to pay for Plaintiffs' defense costs in accordance with the terms of the Policy and applicable law. Compl. ¶ 17. Further, Plaintiffs contend that, by allocating defense costs arbitrarily and unreasonably, Defendants have violated the implied covenant of good faith and fair dealing implied in the insurance contract between Plaintiffs and Defendants. In support of this claim, Plaintiffs assert that around the time of the RRL and during the defense of the complaint in the Underlying Case, Defendants had a policy of refusing to provide their insured clients with a defense and to pay all defense expenses when the claims involved "mixed claims," and unfairly and arbitrarily allocating contribution to defense expenses. Compl. ¶ 20.

3

### B. The Underlying Case

In the Underlying Case, the Nielsens (or "Underlying Plaintiffs") filed a complaint against Defendants Capital Business, Stewart Burch, Tracy Visher, and Bordeaux Limousine Service (collectively, "Underlying Defendants"). Compl., Ex. B (complaint in Underlying Case ("Underlying Complaint")). While Capital Business and Burch were insured under the St. Paul Insurance Policy, Tracy Visher and Bordeaux Limousine Services were not. Compl., Ex. A (Insurance Policy). The Underlying Plaintiffs asserted causes of action for breach of fiduciary duty, breach of confidence, constructive fraud, fraud, fiduciary abuse, conversion, rescission, violation of the California Corporations Code Section 25401, professional negligence, intentional infliction of emotional distress, and civil conspiracy. Compl., Ex. B (Underlying Complaint).

The Underlying Complaint alleged that Stewart Burch was retained by the Nielsens as a tax and financial advisor in December 1999. Underlying Compl. ¶ 7-22. In May 2000, Burch allegedly convinced the Nielsens to join him and Visher in investing in Bordeaux Limousine Service, in the Napa Valley. Underlying Compl. ¶ 15. The Nielsens agreed and borrowed $450,000 against their residence in order to make the loan. Underlying Compl. ¶ 18. The Nielsens alleged that, after they made the $450,000 investment, the Underlying Defendants refused to perform their promises and excluded the Nielsens from any involvement in Bordeaux's business. Underlying Compl. ¶ 22.

Burch and Capital Business tendered the defense against Nielsens' claims to St. Paul on June 13, 2001. Compl. ¶ 11.

### C. The Motion

In the Motion, Defendants assert that the Court should dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that there was a defense agreement between the parties governing the payment of attorneys' fees in the Underlying Case and Defendants abided by that agreement. In support of their position, Defendants point to the RRL, which is considered part of the complaint on a Rule 12 Motion, and in particular, to the sentence, "*we have agreed with you* to pay 25% of your reasonable defense costs for the total action." Compl. Ex. C at 7 (emphasis added). Even if the Court finds that there is a material dispute of fact regarding

4

Plaintiffs' entitlement to attorneys' fees, Defendants argue, this action should be submitted to binding arbitration pursuant to California Civil Code Section 2860.

Plaintiffs argue that dismissal under Rule 12(b)(6) is improper because they do not concede the existence of a defense agreement with Defendants and the RRL attached to the Complaint does not amount to an admission that such an agreement existed. Rather, Plaintiffs argue, the RRL merely indicates that there is a material dispute of fact as to whether the parties entered into a defense agreement. Plaintiffs also reject Defendants' assertion that arbitration is appropriate under California Civil Code Section 2860, arguing that that provision requires arbitration only where the sole issue to be resolved is the *amount* of attorneys' fees.

## IV. ANALYSIS

### A. Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." Pursuant to 28 U.S.C. § 1441(b), any civil action of which the district courts have original jurisdiction, except if founded on a claim or right arising under the Constitution, treaties or laws of the United States, "shall be removable only if none of the parties of interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, Plaintiffs Capital Business and Stewart Burch are citizens of the State of California. Defendants Travelers Companies, Inc., St. Paul Mercury Insurance Company, St. Paul Marine Insurance Company, and St. Paul Travelers are citizens of the State of Minnesota. Because Plaintiffs assert two causes of action alleging damages in excess of $122,000, the matter in controversy exceeds $75,000, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441.

### B. Choice of law

A federal district court sitting in diversity applies state substantive law and federal procedural rules. *See Erie R. Co. v. Tomkins*, 304 U.S. 64, 78 (1938). In determining which state's substantive law applies to state law claims, a federal district court applies the choice of law principles of the state in which it sits. *Arno v. Club Med. Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994).

Under California choice of law principles, California substantive law applies, unless a "true conflict" is found between the laws of the potentially interested states. *Id.* Because the parties are in agreement that the applicable substantive law is the law of California, the Court applies California law in addressing the arguments raised in Defendants' Motion.

### C. The Motion under Rule 12(b)(6)

#### 1. Legal Standard Under Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1969 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id.* at 1965. However, a complaint does not need detailed factual allegations to survive dismissal. *Id.* at 1964. Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id.* at 1974. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id.* at 1965 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief").

The Court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Gordon v. Impulse Mktg. Group, Inc.*, 375 F. Supp. 2d 1040, 1044 (E.D. Wash. 2005) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Id.* at 1044.

### 2. Significance of Purported Defense Agreement

Plaintiffs claims in this case are based, in large part, upon the right of insureds to retain so-call "*Cumis* counsel" where the insurer defends under a reservation of rights. *See San Diego Fed. Credit Union v. Cumis Ins. Soc'y*, 162 Cal. App. 3d 358 (1984). California Civil Code Section 2860(c) sets forth rules governing payment by the insurer of *Cumis* counsel fees but states that "[t]his subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees." Defendants assert that this language permits insurers and insureds not only to include policy provisions that modify the obligations set forth in section 2860 but also to enter into defense agreements that modify those obligations. Defendants further assert that the RRL attached to the Complaint represents an admission by Plaintiffs of the existence of such an agreement and that as Plaintiffs have conceded that Defendants abided by the terms of the agreement described in th RRL, their claims fail. Defendants' argument has no merit.

A statement of fact made by a party in its pleadings is considered a judicial admission, and is conclusive with respect to that fact unless the pleading is amended or the statement is otherwise withdrawn. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir.1995). However, to be binding, judicial admissions must be unequivocal. *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3rd Cir. (Del.) Jul.17, 2007). There is no unequivocal admission here. The RRL, at the most, reflects that Defendants' may have *believed* that they had entered into an agreement with Plaintiffs regarding defense costs. There is no basis for construing attachment of the RRL to the Complaint as an endorsement by Plaintiffs of Defendants' belief. To the contrary, the allegations in the Complaint indicate that Plaintiffs interpreted the RRL as a refusal by Defendants to meet their obligations under

the Policy. *See* Compl., ¶ 11. In the absence of an admission regarding the existence of a defense agreement between the parties, Defendants' assertion that the Complaint should be dismissed under Rule 12(b)(6) fails.[2]

### C. The Motion to Compel Arbitration

#### 1. Binding Arbitration Under California Civil Code Section 2860

Defendants assert that even if there is a factual dispute regarding Plaintiffs' entitlement to fees for *Cumis* counsel, it should be resolved by binding arbitration under Cal. Civ. Code Section 2860(c). The Court disagrees.

Section 2860(c) provides, in relevant part, as follows:

> The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. Any dispute concerning attorney fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute.

Cal. Civ. Code § 2860(c). California courts have held that this provision applies only to disputes that are limited to the amount of legal fees or the hourly billing rates. *See Fireman's Fund Ins. Cos. v. Younesi*, 48 Cal. App. 4th 451, 459. (Ct. App. 1996); *Gray Cary Ware & Freidenrich v. Vigilant Ins. Co.*, 114 Cal. App. 4th 1185, 1192 (Ct. App. 2004).

In *Younesi*, a liability insurer ("FFI") brought an action against insured's independent counsel alleging six causes of action: excessive duplicative billings, fraud, negligent misrepresentation, breach of contract, conversion, malpractice and violation of the California Unfair Trade Practices Act. *Younesi*, 48 Cal. App. 4th at 455. The defendant, in turn, filed a motion seeking to compel arbitration pursuant to Section 2860(c). *Id*. at 456. The trial court denied the motion and the court of appeal affirmed, holding that Section 2860(c) did not apply because the case

---

[2] In their Reply brief, Defendants appear to suggest, for the first time, that the terms set forth in the RRL were proper, as a matter of law, because the Underlying Case involved claims against individuals who were not insured under the Policy as well as claims against individuals who were. Because this argument was not raised in the original Motion, the Court declines to address it.

8

was not merely a dispute about billing rates; rather, FFI alleged that Younesi's conduct was part of a fraudulent scheme to cheat insurance companies of thousands of dollars. *Id*. at 458. Therefore, the court reasoned, compelling arbitration would effectively violate FFI's right to a jury trial. *Id*. at 458-59. The court concluded that the arbitration provision in Section 2860(c) only covers disputes "in which only the amount of legal fees or the hourly billing rates are at issue." *Id*. at 459.

Here, Plaintiffs claim that Defendants have breached the insurance contract, and breached the implied covenant of good faith and fair dealing. In support of these claims, Plaintiffs allege that around the time of the RRL and during the defense of the complaint in the Underlying Case, Defendants had a policy of refusing to provide their insured clients with a defense and to pay all defense expenses when the claims involved "mixed claims," and unfairly and arbitrarily allocating contribution to defense expenses. Thus, Plaintiffs' complaint involves more than just an issue of the amount of *Cumis* counsel fees and falls outside the ambit of Section 2860(c).

## V.  CONCLUSION

For the reasons stated above, the Court DENIES the Motion in its entirety.

IT IS SO ORDERED.

Dated: November 8, 2007

```
                                          JOSEPH C. SPERO
                                          United States Magistrate Judge
```

9