Jeffrey L. Fillerup, State Bar No. 120543
Diana L. Donabedian, State Bar No. 191384
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail:  jfillerup@luce.com
         ddonabedian@luce.com

Attorneys for Defendants
Travelers Companies, Inc.,
St. Paul Mercury Insurance Company,
St. Paul Fire and Marine Insurance
Company, and St. Paul Travelers

Steven C. Finley CSB# 074391
HENNEFER, FINLEY & WOOD, LLP
425 California Street, 19th Floor
San Francisco, CA 94104
Telephone: (415) 296-0111
Facsimile:  (415) 296-7111
Email: finley@finleydeaton.com

Attorneys for Plaintiffs
Capital Business Service, Inc.
and Stewart J. Burch

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL BUSINESS SERVICE, INC. AND STEWART J. BURCH,<br><br>    Plaintiffs,<br><br>v.<br><br>TRAVELERS COMPANIES, INC., ST. PAUL MERCURY INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and ST. PAUL TRAVELERS,<br><br>    Defendants. | Case No. C-07-4355-JCS<br><br>**AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date:    November 30, 2007<br>Time:    1:30 p.m.<br>Courtroom: Hon. Joseph C. Spero |

Pursuant to Rule 26 and Local Rule 16-9 and 16-10, the parties jointly submit this Case Management Conference Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case met and conferred on November 9, 2007 for the preparation of this Statement as required by Local Rule 16-3.

The parties make the following representations and recommendations:

## I. DESCRIPTION OF CASE

### 1. Brief Description Of The Case

Plaintiffs Stewart Burch and Capital Business Service, Inc. had been sued for fraud, elder abuse, and negligence in a case captioned *Andrew K. Nielsen and Gudveig Nielsen v. Stewart J. Burch, et al.*, Napa County Superior Court, Case No. 26-13768 (the "underlying case"). The defendants in the underlying case (the "underlying defendants") were Stewart Burch ("Burch"), Capital Business Service, Inc. ("Capital"), Bordeaux Limousine Service ("Bordeaux"), and Tracy Visher ("Visher"). Burch and Capital tendered the defense of the underlying case to their liability insurer, St. Paul. Visher and Bordeaux were not insured under the St. Paul policy, and were not entitled to coverage under the St. Paul policy. St. Paul agreed to defend the underlying case under a reservation of rights.

The underlying case was submitted to binding arbitration and an arbitration award was issued in favor of the underlying defendants and against the Nielsens. Burch and Capital then filed this suit against St. Paul alleging that St. Paul had failed to pay all of the defense costs incurred in defending the underlying case in accordance with the terms of the policy and applicable law, and that its refusal to defend was in bad faith.

St. Paul contends that it had reached an agreement with the insureds that St. Paul would defend (i) all of the defendants in the underlying case, both the insured and non-insured defendants, (ii) all of the claims in the underlying case, both insured and non-insured claims, (iii) St. Paul would pay 25% of the total defense costs at the rate of $140 per hour, and (iv) St. Paul would waive any right to recoup its defense costs under the Buss case and related authority. St. Paul contends that the insureds agreed to the above defense agreement, and that the insureds specifically agreed that St. Paul would not be obligated to pay more than 25% of the total defense

costs, and that St. Paul would not be obligated to pay more than the agreed-upon hourly rate. St. Paul contends that it has paid all of the defense fees and costs according to this agreement. The plaintiffs dispute the above-described defense agreement. They contend that because the underlying case was a "mixed action" (alleging some covered and some non-covered claims,) St. Paul was obligated, but refused, to pay all defense fees and costs that were incurred in defending their insureds (Burch and Capital Business Services, Inc.) in the underlying case, and that St. Paul was obligated to pay more than $140 per hour for defense counsel, *Buss v. Superior Court*, 16 Cal. App. 4th 35, 27 (1999). The plaintiffs contend that St. Paul breached the policy by failing and refusing to pay all defense fees and costs incurred in defending their insureds in the underlying case. Plaintiffs further contend that St. Paul's refusal to defend was in bad faith.

**2.    Principal Factual Disputes**

**A.**    Did the parties both voluntarily enter into an agreement which would substitute for or replace St. Paul's duty to defend under the policy and applicable law?

**B.**    If, so, what were the terms of the defense agreement between the insureds and St. Paul, if any?

**C.**    Did the parties comply with any defense agreement?

**D.**    What were the terms of St. Paul's reservation of rights?

**E.**    Were the claims in the underlying action factually interrelated?

**F.**    What fees and costs were incurred by the insureds and the non-insureds in defending the claims in the underlying case?

**G.**    What fees and costs did St. Paul pay in the defense of the underyling case?

**H.**    What fees and costs did the insureds pay in the underlying case?

**I.**    What portion of unpaid defense fees/costs was St. Paul obligated to pay?

**J.**    What is the proper hourly rate for defense counsel?

**K.**    What amount of fees and costs is St. Paul entitled to recover back?

**3.    Principal Legal Disputes**

**A.**    What was St. Paul's duty to defend its insured in a mixed action asserting covered and non-covered claims?

**B.**    Whether Civil Code Section 2860 applies?

    **C.**    Whether there is a defense agreement and the terms of any reservation of rights by St. Paul?

    **D.**    Whether all or some portion of the case is subject to arbitration? (Plaintiffs contend that this has been determined by the court's denial of defendant's motion to compel arbitration.)

    **E.**    Whether St. Paul is entitled to recover back any fees/costs?

    **F.**    Whether the plaintiffs are entitled to recover any fees/costs?

    **G.**    Whether defendant's refusal to defend is a breach of contract?

    **H.**    Whether defendant's refusal to defend is a breach of the covenant of good faith and fair dealing?

    **I.**    Whether the insureds are entitled to damages for breach of contract or breach of the implied covenant of good faith and fair dealing?

**4.**    **Other Factual Issues Regarding Service, Jurisdiction And Venue**

None.

**5.**    **The Parties Who Have Not Been Served**

None.

**6.**    **Additional Parties To Be Joined**

None.

**7.**    **Consent To Assignment Of The Case To A Magistrate Judge**

Yes. The parties have stipulated to trial before Magistrate Judge Spero.

**8.**    **Damages**

Plaintiffs seek compensatory damages of approximately $152,000 (unpaid defense fees and costs, cost of borrowing funds, arbitration related expenses) plus interest and punitive damages and attorney's fees incurred in this action in the event of a finding of bad faith. The defendants contend that the plaintiffs are not entitled to recover any damages, or any relief whatsoever from any of the defendants.

**9.**    **Evidence Preservation**

Both parties have been advised by counsel of the evidence preservation requirements of paragraph 4 of the court's Case Management Conference Order and are able to assure the court of compliance.

**II.    ALTERNATIVE DISPUTE RESOLUTION**

    **10.    Stipulation And Proposed Order Selecting ADR Process**

        The parties have stipulated to mediation pursuant to ADR Rule 5, which the court has ordered to take place by February 13, 2007.

    **11.    Other Information Regarding ADR**

        None.

**III.    DISCLOSURES**

    **12.    Initial Disclosures**

        Initial disclosures are due on November 21, 2007.

    **13.    Disclosure of Non-Party Interested Persons or Entities**

        Plaintiffs are not aware of any.

**IV.    EARLY FILING OF MOTIONS**

St. Paul filed a motion to dismiss, or in the alternative, motion to compel arbitration. The motions were denied on November 8, 2007. St. Paul will be filing a counterclaim for declaratory relief to recover back attorney's fees and costs paid to date.

**V.    DISCOVERY**

    **14.    Discovery Limitations and Discovery Plan**

        Completion of non-expert discovery:  July 31, 2008

        Expert reports due:  August 1, 2008

        Rebuttal expert reports due:    August 22, 2008

        Completion of expert discovery:  September 19, 2008

        Last day to file dispositive motions:    September 19, 2008

        Pretrial Conference:  October 27, 2008

**VI.    TRIAL SCHEDULE**

    **15.    Proposed Trial Date:        December 1, 2008**

    **16.    Length Of Trial:        5 days (jury trial)**

**VII.    OTHER MATTERS**

1 | None.

2 | DATED: November 20, 2007    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

3
4 | By: _____
   | Jeffrey D. Fillerup
5 | Attorneys for Defendants
   | Travelers Companies, Inc.,
6 | St. Paul Mercury Insurance Company,
   | St. Paul Fire and Marine Insurance
7 | Company, and St. Paul Travelers

8 | DATED: November 20, 2007    HENNEFER FINLEY & WOOD LLP

9
10 | By: _____
11 | Steven C. Finley
   | Attorneys for Plaintiffs Capital Business Services, Inc.
12 | and Stewart J. Burch

13 | 301021086.1

I, Cheryl Cormier, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 120 Spear St., Ste. 200, San Francisco, CA 94105-1582. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years, and am not a party to this action.

On November 26, 2007 I served the following:

**AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

on the interested parties in this action as follows:

Steven C. Finley, Esq.,
HENNIFER, FINLEY & WOOD, LLP
425 California St. Ste. 1900
San Francisco, CA
Telephone 415.296.0111
Facsimile 415.296.7111

**[X]   ELECTRONIC TRANSMISSION**: I declare that a copy of said document(s) was filed electronically on the above date through the ECF system for the United States Bankruptcy Court, Northern District of California and to the best of my knowledge notice of this filing will be transmitted to all parties through the Court's ECF system.

**[X]   FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at San Francisco, California on November 26, 2007.

　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Cheryl Cormier