1  Jeffrey L. Fillerup, State Bar No. 120543
   Diana L. Donabedian, State Bar No. 191384
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   Rincon Center II, 121 Spear Street, Suite 200
3  San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5  E-mail:  jfillerup@luce.com
            ddonabedian@luce.com
6
7  Attorneys for Defendants
   Travelers Companies, Inc.,  St. Paul Mercury Insurance
8  Company, St. Paul Fire and Marine Insurance
   Company, and St. Paul Travelers, and
9  Counterclaimant St. Paul Mercury
   Insurance Company
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL BUSINESS SERVICE, INC. and STEWART J. BURCH,<br><br>        Plaintiffs,<br><br>v.<br><br>TRAVELERS COMPANIES, INC., ST. PAUL MERCURY INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, and ST. PAUL TRAVELERS,<br><br>        Defendants.<br>_____<br>ST. PAUL MERCURY INSURANCE COMPANY,<br><br>        Counterclaimant,<br><br>v.<br><br>CAPITAL BUSINESS SERVICE, INC. and STEWART J. BURCH,<br><br>        Counterclaim - Defendants. | Case No. C 07-4355-JCS<br><br><br>**ANSWER AND COUNTERCLAIM** |

Defendants Travelers Companies, Inc., St. Paul Mercury Insurance Company, St. Paul Fire and Marine Insurance Company, and St. Paul Travelers (collectively "Defendants") hereby respond to and answer the plaintiffs' complaint, as follows:

1. Responding to paragraphs 1 and 2 of the complaint, Defendants are without information or belief sufficient to admit or deny the allegations therein, and on that basis, they deny the same.

2. Responding to paragraphs 3, 4, and 5 of the complaint, Defendants allege that the policy at issue was issued by St. Paul Mercury Insurance Company, a Minnesota corporation whose principal place of business is located in the State of Minnesota; Defendants allege that none of the other Defendants named in the complaint issued insurance to the plaintiffs; Defendants allege that the named defendants are affiliated companies, however, none of the Defendants other than St. Paul Mercury Insurance Company is potentially liable for any of the claims or causes of action alleged in the complaint; and Defendants deny the remaining allegations therein.

3. Responding to paragraphs 6, 7 and 8 of the complaint, Defendants allege that St. Paul Mercury Insurance Company ("St. Paul Mercury") issued the policy attached to the complaint as Exhibit A; they allege that the terms and conditions of the policy are set forth in such policy; and they deny all of the other allegations contained therein.

4. Responding to paragraphs 9 and 10 of the complaint, Defendants admit that Exhibit B to the complaint sets forth the allegations of the complaint referred to in paragraph 9; and they deny the other allegations in such paragraphs.

5. Responding to paragraph 11 of the complaint, Defendants allege that Exhibit C to the complaint sets forth the terms of the reservation of rights; Defendants allege that the insured and St. Paul Mercury entered into a defense agreement that St. Paul Mercury would pay the defense costs for all of the defendants in the underlying suit based upon paying 25% of the total defense costs incurred at the rate of $140 per hour; Defendants allege that the insureds accepted the above-described defense agreement; Defendants allege that the insureds have breached that agreement by seeking to recover additional fees and costs from St. Paul Mercury; and Defendants deny the remaining allegations in paragraph 11 of the complaint.

6. Responding to paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23, Defendants deny the allegations therein..

7. Defendants deny each and every allegation in the complaint that is not admitted herein.

For their affirmative defenses, the Defendants allege, as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

8. Defendants allege that the complaint fails to state facts sufficient to constitute a claim for relief against them.

### SECOND AFFIRMATIVE DEFENSE

9. Defendants allege that one or both of the plaintiffs lack standing to assert the claims alleged in the complaint.

### THIRD AFFIRMATIVE DEFENSE

10. Defendants reserve the right to allege that the plaintiffs have not acted in good faith in the conduct of the defense of the underlying suit and in asserting the claims alleged in their complaint.

### FOURTH AFFIRMATIVE DEFENSE

11. Defendants allege that the plaintiffs' claims are barred, in whole or part, by the applicable statute of limitations, and/or by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

12. There is no privity of contract between the plaintiffs and each of the Defendants, which bars all or some of the plaintiffs' claims.

### SIXTH AFFIRMATIVE DEFENSE

13. To the extent that plaintiffs have failed to mitigate, minimize, or avoid any damages they allegedly sustained, any recovery against Defendants must be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

14. Defendants have at all times exercised due care concerning any actions, conduct, or

other matters alleged in the complaints, or any purported claim asserted therein.

### EIGHTH AFFIRMATIVE DEFENSE

15.  Plaintiffs have not suffered any damages as a result of any actions taken by Defendants, and plaintiffs are thus barred from asserting any of their purported claims against Defendants.

### NINTH AFFIRMATIVE DEFENSE

16.  Plaintiffs' claims are barred by the equitable doctrines of waiver and/or and estoppel.

### TENTH AFFIRMATIVE DEFENSE

17.  Defendants and their representatives, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, plaintiffs are barred from any recovery in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

18.  Defendants allege that the coverage interpretations and claims handling were and are reasonable as a matter of law and were not and are not inherently unreasonable as a matter of law.

### TWELFTH AFFIRMATIVE DEFENSE

19.  Defendants allege that the complaint and each claim for relief therein fail to state sufficient facts to constitute a valid claim for attorney's fees.

### THIRTEENTH AFFIRMATIVE DEFENSE

20.  Defendants allege that the complaint fails to state facts sufficient to warrant an award of punitive or exemplary damages, and plaintiff has failed to plead malice, fraud, and oppression with the specificity required under California Civil Code Section 3294.

### FOURTEENTH AFFIRMATIVE DEFENSE

21.  The complaint, to the extent that is seeks punitive or exemplary damages against Defendants, violates Defendants' right to protection from "excessive" fines as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of California, violates Defendants' right to substantive due process and equal protection as provided

1  in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of
2  the State of California, and does not meet the test for allowing punitive damages set forth by the
3  United States Supreme Court in *BMW v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996), *State Farm*
4  *Ins. Co. v. Campell*, 538, U.S. 408, 123 S.Ct. 1513 (2003), *Philip Morris USA v. Williams*, 2007
5  WL 505781 (U.S. 2007), and other cases, and therefore fails to state a cause of action supporting
6  the punitive or exemplary damages claimed.

### FIFTEENTH AFFIRMATIVE DEFENSE

22. Defendants allege that the plaintiffs' injuries and damages, if any, were caused by the negligence and fault of others, other than Defendants, and that such fault on the part of others proximately and concurrently caused or contributed to the loss and damages complained of by plaintiffs, if any there were.

### SIXTEENTH AFFIRMATIVE DEFENSE

23. Defendants allege that the plaintiffs lack standing to assert any tort claims against those Defendants not in privity of contract with the plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

24. Defendants allege that all or some of the plaintiffs' claims are subject to binding arbitration under California Civil Code 2860 and related provisions.

WHEREFORE, Defendants pray that judgment be entered in their favor and against the plaintiffs, as follows:

    A.    That plaintiffs take nothing by reason of the complaint;

    B.    That the plaintiffs' complaint against the Defendants be dismissed with prejudice;

    C.    That Defendants be awarded their costs and attorney's fees herein; and

    D.    That Defendants be awarded such other and further relief as the court deems just and proper.

### COUNTERCLAIM

St. Paul Mercury Insurance Company, for its counterclaim against plaintiffs/counterclaim-defendants Capital Business Service, Inc. and Stewart J. Burch (collectively "plaintiffs"), alleges, as follows:

### FIRST CLAIM FOR RELIEF

1. Counterclaimant St. Paul Mercury Insurance Company is a Minnesota corporation with its principal place of business in the state of Minnesota ("St. Paul Mercury").

2. Plaintiffs and counterclaim-defendants Capital Business Service, Inc. and Stewart J. Burch are citizens of the State of California (collectively "plaintiffs").

3. Subject matter jurisdiction exists for the claims alleged in this counterclaim pursuant to 28 U.S.C. Section 1332, and 28 U.S.C. Section 1367.

4. In or about May, 2001, St. Paul Mercury issued the insurance policy which is attached to the complaint as Exhibit "A", policy number GL00622797, with a policy period from May 23, 2001 through May 23, 2002 (the "St. Paul Policy"). Exhibit "A" sets for the terms and conditions of the St. Paul Policy.

5. In or about June, 2001 a complaint was filed in Napa County Superior Court, State of California, captioned <u>Andrew K. Nielsen and Gudveig Nielsen v. Stewart J. Burch, Capital Business Service, Inc., Bordeaux Limousine Service, Tracy Visher, and Does 1 through 20</u> (the "underlying suit"). The plaintiffs and certain third-parties were defendants in the underlying suit. All of the defendants in the underlying suit are referred to in this counterclaim as "the underlying defendants." The complaint in the underlying suit is attached to the complaint in this case as Exhibit "B".

6. After the underlying suit was filed, the underlying defendants tendered the defense of the underlying suit to St. Paul Mercury.

7. Some or all of the underlying defendants in the underlying suit were not covered under the terms of the St. Paul Policy (the "uncovered defendants").

8. Some or all of the claims alleged in the underlying suit were not covered under the terms of the St. Paul Policy (the "uncovered claims").

9. St. Paul Mercury and the plaintiffs entered into an agreement regarding the

defense of the underlying suit. The agreement was as follows: (a) St. Paul Mercury would pay the defense costs in defending all of the claims alleged in the underlying suit, including the defense costs incurred in defending the uncovered claims, under a reservation of rights; (b) St. Paul Mercury would pay the defense costs in defending all of the underlying defendants, including the defense costs incurred in defending the uncovered defendants, subject to the reservation of rights; (c) the plaintiffs would have the right to select their own counsel to defend the underlying suit (referred to herein as "plaintiffs' defense counsel"); (d) St. Paul Mercury would pay 25% of all of the total defense costs incurred in defending the underlying suit, at an hourly rate of $140 per hour, which would be paid to plaintiffs' defense counsel; and (e) St. Paul would not reserve its right to recover back defense costs paid, although St. Paul Mercury would otherwise reserve its rights. This agreement is referred to herein as the "defense agreement".

10. St. Paul Mercury relied on the defense agreement in participating in the defense of the underlying suit.

11. St. Paul Mercury complied with the terms of the defense agreement and it has satisfied all of its obligations under the defense agreement.

12. On the other hand, the plaintiffs have breached the defense agreement by, among other things: (a) filing this suit; (b) demanding that St. Paul Mercury pay more than the amounts required under the terms of the defense agreement; (c) seeking to deny St. Paul Mercury's right to recover back defense costs previously paid by St. Paul; (d) demanding that St. Paul Mercury pay defense costs for the uncovered claims; and (e) demanding that St. Paul Mercury pay defense costs for the uncovered defendants.

13. As a result of the foregoing breaches of the defense agreement, St. Paul Mercury has been damaged in an amount to be determined at the time of trial.

**SECOND CLAIM FOR RELIEF**

14. St. Paul Mercury incorporates by reference herein the prior allegations of this counterclaim.

15. An actual controversy exists between the plaintiffs, on the one hand, and St. Paul Mercury, on the other hand, regarding the terms of the defense agreement.

16.     St. Paul Mercury alleges and believes that the terms of the defense agreement are set forth in the First Claim for Relief of this counterclaim. St. Paul Mercury further alleges and believes that it was not obligated to defend all of the claims and all of the defendants in the underlying suit.

17.     The plaintiffs deny the terms of the defense agreement alleged in the First Claim for Relief of this counterclaim, and the plaintiffs believe that St. Paul Mercury was obligated to pay all of the defense costs incurred in the defense of each and every claim and each and every defendant in the underlying suit.

18.     Pursuant to 28 U.S.C. Sections 2201 and 2202, and Federal Rule of Civil Procedure 57, St. Paul Mercury seeks the entry of a declaratory judgment in its favor and against the plaintiffs, as follows: (a) a declaration that the terms of the defense agreement are those set forth in the First Claim for Relief of this counterclaim; (b) a declaration setting forth all of the terms and conditions of the defense agreement; (c) a declaration stating that St. Paul Mercury has complied with its obligations under the defense agreement; (d) a declaration that the plaintiffs have failed and refused to comply with the terms of the defense agreement; (e) a declaration that St. Paul Mercury was not legally obligated to defend the underlying suit; (f) a declaration that St. Paul Mercury was not obligated to defend the uncovered claims; (g) a declaration that St. Paul Mercury was not obligated to defend the uncovered defendants; (h) a declaration that St. Paul Mercury was not obligated to defend the underlying suit; and/or (i) a declaration that St. Paul Mercury is entitled to recover back from the plaintiffs any and all defense costs that it had paid in connection with the defense of the underlying suit.

WHEREFORE, St. Paul Mercury prays that judgment be entered in its favor and against the plaintiffs, as follows:

A.     That St. Paul Mercury recover damages for the claims alleged in the First Claim for Relief herein;

B.     That a declaratory judgment be entered as alleged in the Second Claim for Relief herein;

C.     That St. Paul Mercury recover its costs and attorney's fees herein; and

1         D.    That St. Paul Mercury be awarded such other and further relief as the court deems
2 just and proper.

4 DATED: November 30, 2007         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeffrey L. Fillerup
Attorneys Defendants Travelers Companies, Inc.,
St. Paul Mercury Insurance Company,
St. Paul Fire and Marine Insurance
Company, and St. Paul Travelers, and Counterclaimant
St. Paul Mercury Insurance Company

301014659.1